**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FANNIE MARTIN, Special representative of the Estate of Strown Martin, Deceased,<br><br>        Petitioner,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>        Respondent. | No. 09-71517<br><br>Tax Ct. No. 10686-05<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted June 7, 2011[**]
Pasadena, California

Before: BEEZER, TROTT, and RYMER, Circuit Judges.

Because the parties are familiar with the facts and circumstances underlying

this appeal, we repeat them only as necessary to explain our decision.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Martins were the beneficiaries in 2000 of an arbitration award in the amount of $616,000. The Internal Revenue Service determined that this award was includable in the Martin's income for that year, a determination which the Martins dispute, along with other issues relating to allegedly deductable business-related expenses.

The Tax Court ruled in favor of the IRS, holding that as cash-basis taxpayers, the Martins were required to recognize their award as income in the year the award was received. The Court also ruled that the Martin's claimed business expenses were not proper or substantiated, and upheld the IRS's determination of deficiencies and penalties.

We affirm the Tax Court's decision of September 3, 2008. Monetary damages such as those received by the Martins are clearly income and must be reported as such in the year of receipt. 26 U.S.C. §§ 61(a), 451(a); Comm'r v. Schleier, 515 U.S. 323, 328-31 (1995); United States v. Burke, 504 U.S. 229, 242 (1992), *modified on other grounds by* Small Business Job Protection Act of 1996, Pub. L. No. 104-188, § 1605, 110 Stat. 1838; Polone v. Comm'r, 505 F.3d 966, 969-70 (9th Cir. 2007).

Moreover, the Martins clearly failed to carry their burden of proving an entitlement to the claimed business expenses as deductions. New Colonial Ice Co.

v. Helvering, 292 U.S. 435, 440 (1934).  Also, it appears that the expenses had already been taken into account in the calculation of their arbitration award.

Finally, the record supports the assessment of accuracy-related penalties.  26 U.S.C. § 6662.  The record does not support the Martins' claim of good faith and reasonable cause for their underpayment.  26 C.F.R. § 1.6662-1.

The Martins' remaining issues have no merit.

**AFFIRMED.**